### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF TEXAS
### CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **ROBERT SEAN MILLIGAN,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. C-08-118** |
| | § | |
| **NUECES COUNTY, TEXAS and** | § | |
| **CHRISTUS SPOHN HEALTH SYSTEM** | § | |
| **CORPORATION d/b/a CHRISTUS** | § | |
| **SPOHN HOSPITAL CORPUS CHRISTI** | § | |
| | § | |
| **Defendants.** | § | |

### ORDER

Pending before the Court is Robert Sean Milligan's ("Milligan" or "Plaintiff") Opposed Motion for Reconsideration and Motion to Strike Defendant Nueces County's ("Nueces County") Motion for Summary Judgment.[1] (Dkt. No. 88). After considering the motion, response, reply, facts, and applicable law, the Court is of the opinion that the motion should be GRANTED.

### Factual and Procedural Background

On April 11, 2008, Plaintiff filed a *pro se* "Complaint for Violation of Civil Rights Pursuant to 42 U.S.C. § 1983." (Dkt. No. 1). On June 13, 2008, Plaintiff filed a Notice of Appearance and Designation of Counsel in Charge, notifying the Court and Defendants that attorney Christopher J. Gale would be representing Plaintiff. (Dkt. No. 20). Plaintiff was granted leave to amend his Complaint on June 18, 2008, (Dkt. No. 24), and Plaintiff filed his First Amended Complaint that same day, (Dkt. No. 25).

---

[1]The portion of the instant motion asking the Court to strike Nueces County's Motion for Summary Judgment was addressed on May 5, 2010.

A scheduling order was never entered in this case.  On January 27, 2010, at a hearing held by the Honorable Judge Janis Graham Jack, this case was set for trial on February 22, 2010. Judge Jack subsequently recused herself from this case on February 16, 2010, and the case was transferred to this Court.  (Dkt. No. 70).  The Court held a conference on February 18, 2010, and set this case for trial on April 21, 2010.  (Dkt. No. 71).

Plaintiff filed an Opposed Motion for Leave to File Plaintiff's Second Amended Original Complaint on March 16, 2010.  (Dkt. No. 75).  On March 28, 2010, the Court entered an Order denying Plaintiff's request.  (Dkt. No. 84).

Nueces County filed a Motion for Summary Judgment on March 31, 2010.  (Dkt. No. 85).  Because of the proximity of the trial date to Nueces County's motion, the Court held a scheduling conference on April 2, 2010, and continued the trial setting.  (Dkt. No. 87).  No trial date is set at this time.  Plaintiff filed the instant motion on April 13, 2010.  (Dkt. No. 88).

**Motion for Reconsideration**

In light of the fact that the trial setting has been continued, Plaintiff asks the Court to reconsider its March 28, 2010, Order denying his request to file a Second Amended Original Complaint.

The Federal Rules do not explicitly provide for motions for reconsideration of interlocutory orders.  *St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997).  However, the Fifth Circuit has held that when a district court rules on an interlocutory order, it is "free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Louisiana v. Guidry*, 489 F.3d 692, 698 n.14 (5th Cir. 2007) (quoting

2

*Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990)); *see also*

*McKethan v. Tex. Farm Bureau*, 996 F.2d 734, 738 n.6 (5th Cir. 1993).

The Court's March 28, 2010, Order denying Plaintiff's Opposed Motion for Leave to File

Second Amended Complaint, (Dkt. No. 84), was primarily based on the fact that Plaintiff's

motion was filed on the eve of trial.  Since the trial date has been continued, much of the Court's

reasoning is no longer applicable.  The Court's March 28, 2010, Order also considered the undue

prejudice to the opposing parties and the possible futility of the amendment.  However, the

undue prejudice considered by the Court was based on the fact that additional discovery might

be required.  Since no trial date is set, the Court does not find this factor strong enough to

prevent amendment.  Likewise, the March 28, 2010, Order pondered whether the amendment

could "relate back" to Plaintiff's original complaint, thus reviving the seeming statute of

limitations problem.  However, the "relation back" issue was not adequately briefed when the

March 28, 2010, Order was issued.  The Court will now consider whether Plaintiff's amendment

would relate back to his original complaint.

### Relation Back

The statute of limitations for a Texas medical malpractice claim is two years.  Tex. Civ.

Prac. & Rem. Code § 74.251.  Plaintiff alleges his claims originated between December 2007

and January 2008.  (Dkt. No. 25).  Accordingly, the statute of limitations has expired on

Plaintiff's medical malpractice claim unless the state-law claim can "relate back" to the claim of

medical indifference made in Plaintiff's original complaint.

In Texas, the statute providing the applicable limitations period for health care liability

claims provides as follows:

(a) Notwithstanding any other law and subject to Subsection (b), no health care liability claim may be commenced unless the action is filed within two years from the occurrence of the breach or tort or from the date the medical or health care treatment that is the subject of the claim or the hospitalization for which the claim is made is completed; provided that, minors under the age of 12 years shall have until their 14th birthday in which to file, or have filed on their behalf, the claim. Except as herein provided this section applies to all persons regardless of minority or other legal disability.

(b) A claimant must bring a health care liability claim not later than 10 years after the date of the act or omission that gives rise to the claim. This subsection is intended as a statute of repose so that all claims must be brought within 10 years or they are time barred.

Tex. Civ. Prac. & Rem. Code § 74.251.

Nueces County argues that the phrase "[n]otwithstanding any other law" indicates that the "relation back" principle contained in Tex. Civ. Prac. Rem. Code § 16.068[2] does not apply to health care liability claims.

Plaintiff, on the other hand, points the Court to *Bradley v. Etessam*, 703 S.W.2d 237 (Tex. App.—Dallas 1985, writ ref'd n.r.e.).[3]  In *Bradley*, the Court of Appeals of Texas held that when a "suit is filed within [the] two-year limitations period, the plaintiff may later amend to assert additional causes of action arising out of the same transaction or occurrence, and th[o]se added causes of action will 'relate back' . . . ." *Id.*  at 240; *see Bratcher v. Boeke*, 207 S.W.3d 431, 434 n.2 (Tex. App.—Dallas 2006, no pet.) (reaffirming that *Bradley* is good law

---

[2]It is not immediately apparent under *Erie R.R. v. Tompkins*, 304 U.S. 64 (1938) whether Texas law or Federal Rule 15(c) should govern whether Plaintiff's amendment relates back to his original complaint.  The Court will evaluate the limitations issue in accordance with Texas law, but would reach the same conclusion if Federal law applied.  *See Burt v. City of New Boston*, No. 5:05cv33, 2006 WL 722102, at *4 (E.D. Tex. Mar. 17, 2006) (applying state law to determine whether claim relates back and citing other cases applying state law).

[3]*Bradley* analyzed the previous version of the Texas health care liability limitations statute.  However, the pre-2003 version of the statute is essentially the same as the current statute.  Specifically, both versions begin with the phrase "[n]othwithstanding any other law."  *Compare* Tex. Civ. Prac. & Rem. Code § 74.251 *with* Tex. Rev. Civ. Stat. Ann. art. 4590i § 10.01 (Vernon Supp. 1985).

and that the "relation-back doctrine . . . [is] not prohibited by [the health care liability limitations statute]"); *see also Chilkewitz v. Hyson*, 22 S.W.3d 825, 830 (Tex. 1999) (holding that Texas Rule of Civil Procedure 28, which permits a party to sue or be sued in an assumed name, is not a tolling provision and does not extend limitations beyond the period prescribed by the statute and, therefore, does not prohibit suit outside the two-year limitations period).

The Court finds that Plaintiff's state law claim would relate back to his original complaint under Tex. Civ. Prac. Rem. Code § 16.068, as the facts surrounding Plaintiff's state law claim are based on the same transaction and occurrence as those that form the basis of his 42 U.S.C. § 1983 claim.  Hence, allowing Plaintiff's amendment would not be futile.

## Expert Report

Having decided that Plaintiff's claim is not clearly barred by the applicable statute of limitations, the Court must now address Defendant Christus Spohn Health System Corporation's ("Christus Spohn") arguments that Plaintiff has not complied with specific provisions of the Texas Civil Practice and  Remedies Code.  Christus Spohn claims that Plaintiff failed to meet the requirements of Tex. Civ. Prac. Rem. Code § 74.351(a), which states that:

> In a health care liability claim, a claimant shall, not later than the 120th day after the date the original petition was filed, serve on each party or the party's attorney one or more expert reports, with a curriculum vitae of each expert listed in the report for each physician or health care provider against whom a liability claim is asserted. The date for serving the report may be extended by written agreement of the affected parties. Each defendant physician or health care provider whose conduct is implicated in a report must file and serve any objection to the sufficiency of the report not later than the 21st day after the date it was served, failing which all objections are waived.

However, § 74.351 is not applicable in this Court.  Several courts in the Fifth Circuit

have noted that Tex. Civ. Prac. Rem. Code § 74.351 "is a procedural statute, and inapplicable in a federal court sitting in diversity." *Basco v. Spiegel*, No. 08-0468, 2009 WL 3055319 (W.D. La. Sept. 21, 2009); *see Sauceda v. Pfizer, Inc.*, No. C-07-06, 2007 WL 87660 (Jan. 9, 2007); *see also Doty v. Sewall*, 908 F.2d 1053, 1063 (1st Cir. 1990) (noting "it is well settled" that *Erie R.R.* applies to pendant claims asserted in federal-question cases). Accordingly, this Court need not address Christus Spohn's argument regarding the expert report.

### Pre-Suit Notice

Christus Spohn next argues that Plaintiff failed to comply with Tex. Civ. Prac. Rem. Code §§ 74.051-.052. Those statutes provide that:

> (a) Any person or his authorized agent asserting a health care liability claim shall give written notice of such claim by certified mail, return receipt requested, to each physician or health care provider against whom such claim is being made at least 60 days before the filing of a suit in any court of this state based upon a health care liability claim. The notice must be accompanied by the authorization form for release of protected health information as required under Section 74.052.
>
> (b) In such pleadings as are subsequently filed in any court, each party shall state that it has fully complied with the provisions of this section and Section 74.052 and shall provide such evidence thereof as the judge of the court may require to determine if the provisions of this chapter have been met.

Tex. Civ. Prac. Rem. Code § 74.051(a)-(b).

> (a) Notice of a health care claim under Section 74.051 must be accompanied by a medical authorization in the form specified by this section. Failure to provide this authorization along with the notice of health care claim shall abate all further proceedings against the physician or health care provider receiving the notice until 60 days following receipt by the physician or health care provider of the required authorization.

Tex. Civ. Prac. Rem. Code § 74.052(a).

In construing the nearly identical previous version of this statute, the Texas Supreme

Court stated that dismissal is not the proper remedy for failing to provide a 60-day notice letter.[4] *Schepps et al. v. Presbyterian Hosp.*, 652 S.W.2d 934, 938 (Tex. 1983).

While the *Schepps* court did hold that the notice provision is mandatory, it also held that the appropriate remedy for failure to give notice is not a bar of further prosecution, but rather, "upon motion of the defendant, the cause should be abated for sixty days."  *Id.*  If Plaintiff has yet to provide Christus Spohn with a 60-day notice letter, that would not, without more, provide grounds for refusing to allow Plaintiff's amendment.[5]

Moreover, the plain language of § 74.052 states that dismissal is not the proper remedy for failing to provide a medical authorization form.  Instead, if the Plaintiff fails to provide a medical authorization, that failure "shall abate all further proceedings against the physician or health care provider receiving the notice until 60 days following receipt . . . of the required authorization."  Accordingly, even if Plaintiff failed to provide authorization, that would not prohibit his amendment.

The Court notes that the version of Plaintiff's Second Amended Original Complaint, attached as an exhibit to Plaintiff's Opposed Motion for Leave to File Plaintiff's Second Amended Original Complaint, (Dkt. No. 75, Ex. 1), does not comply with Tex. Civ. Prac. Rem. Code § 74.051(b).  While this, on its own, would not prohibit amendment, *Rhodes v. McCarron*, 763 S.W.2d 518, 522 (Tex. App.—Amarillo 1988, writ denied)( "If the required notice has been given, but the giving of the notice is not pleaded as required by [former version of § 74.051(b)], then the cause should be abated until the pleadings are conformed to meet the requirement."

---

[4]The notice requirement examined in *Schepps* was codified at Tex. Rev. Civ. Stat. Ann., art. 4590i, § 4.01.

[5]Plaintiff represented to this Court a 60-day notice letter had been mailed to Christus Spohn.  (Dkt. No. 80 at 4).

(citation omitted)), the Court will not enter the tendered amended complaint among the papers in this case.  Instead, Plaintiff will be given the opportunity to file a Second Amended Original Complaint that complies with the applicable rules, so as to avoid abatement.

### Conclusion

For the reasons articulated above, Plaintiff's Opposed Motion for Reconsideration is GRANTED.  Plaintiff shall have until June 18, 2010, to file an amended complaint.

It is so ORDERED.

Signed this 9th day of June, 2010.

JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE