UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ROBERT SEAN MILLIGAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. C-08-118 |
| | § | |
| NUECES COUNTY, TEXAS and | § | |
| CHRISTUS SPOHN HEALTH SYSTEM | § | |
| CORPORATION d/b/a CHRISTUS | § | |
| SPOHN HOSPITAL CORPUS CHRISTI | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Nueces County's ("Nueces County") Motion for Summary Judgment. (Dkt. No. 85). After considering the motion, response, reply, record, and applicable law, the Court is of the opinion that the motion should be GRANTED.

### Factual and Procedural History

Plaintiff Robert Sean Milligan ("Plaintiff") brought this 42 U.S.C. § 1983 action against Nueces County and Defendant Christus Spohn Health Systems Corporation ("Christus Spohn" collectively "Defendants"), alleging that Defendants were deliberately indifferent to his serious medical needs.[1] (Dkt. No. 1; Dkt. No. 25).

On the morning of December 27, 2007, a Nueces County Sheriff deputy pulled over Plaintiff's vehicle for a traffic violation. (Dkt. No. 85, Ex. 61 at 16). The deputy arrested Plaintiff on an outstanding felony warrant and transported him to the Nueces County Jail. (*Id.*).

Plaintiff alleges that he injured his thumb while working around his home on the morning of December 27, 2007, and was traveling to the hospital to seek medical attention for the injury

---

[1] On July 1, 2010, Plaintiff amended his complaint to add a state-law cause of action against Christus Spohn. (Dkt. No. 105).

when he was stopped by the deputy. (Dkt. No. 1). Plaintiff alleges that he told the deputy about the injury, but the officer's report does not mention any injury or medical problem and the deputy did not report any medical condition to the nurse. (Dkt. No. 1, Dkt. No. 25; Dkt. No. 86, Ex. 61 at 9, 16).

After arriving at the jail, Plaintiff was medically screened by the duty nurse, who immobilized Plaintiff's hand. (Dkt. No. 86, Ex. 1, pt. 2 at 25, 47-48). Plaintiff's thumb was then x-rayed and it was determined that he fractured his thumb. (*Id.* at 41-42, 49-50; Ex. 65). Plaintiff's thumb was again immobilized and Plaintiff was prescribed pain medication. An appointment was made for Plaintiff to see a surgeon on January 11, 2008. (Dkt. No. 86, Ex. 1, pt. 2 at 41).

On January 2 and 3, 2008, Plaintiff requested additional pain medication by way of an Inmate Communication Form, (*Id.* at 44-45; Exs. 7-8), and Plaintiff's pain medication was increased. (Dkt. No. 86, Ex. 1, pt. 2 at 52). Plaintiff made two more requests on January 5 and 8, 2008, for different pain medication and relief from cold and allergy symptoms. (*Id.* at 43; Exs. 9-10). Plaintiff's pain medication was changed and he was prescribed medication for his other symptoms.

On January 11, 2008, Plaintiff was seen by a plastic surgeon and it was determined that Plaintiff would require surgery. (Dkt. No. 86, Ex. 1, pt. 2 at 31-33). The surgeon ordered that his office be contacted on January 15, 2008, to schedule the surgery. (*Id.*). Plaintiff was released from the jail on January 11, 2008. (Dkt. No. 85, Ex. 61 at 2-4). It is unclear whether Plaintiff knew about the arrangements made with the surgeon, but Plaintiff did not contact the surgeon, or any other medical provider, after his release.

Plaintiff was again arrested on March 3, 2008, and taken to the Nueces County Jail.

(Dkt. No. 85, Ex. 62 at 1).  He was medically screened on March 4, 2008, and, it seems, he made no mention of his thumb fracture, although the acceptance form references Plaintiff's prior injury.  (Dkt No. 86, Ex. 1, pt. 1 at 15-20; *Id.* pt. 2 at 1-3).

On March 24, 2008, Plaintiff requested an appointment with an orthopedic surgeon. (Dkt. No. 86, Ex. 1, pt. 1 at 34; Ex. 11).  Plaintiff saw an orthopedic surgeon on April 25, 2008, and was informed that the fracture had healed and that his hand could not be improved through the originally-prescribed surgery.  (Dkt. No. 86, Ex. 1, pt. 1 at 30-31).

On April 27, 2008, Plaintiff requested a second opinion, (*Id.* at 39), and was seen by another surgeon on May 15, 2008.  Plaintiff was told that he might need fusion surgery[2] at some point in the future, but there was no emergency.  (*Id.* at 21-22).  On May 19, 2008, Plaintiff was released from the jail on bond.  *See* (Dkt. No. 85, Ex. 62 at 3).

Plaintiff was again taken into custody on August 1, 2008, and was released the next day after posting bond.  (Dkt. No. 85, Ex. 63 at 1-5).  Plaintiff reported no medical problems during the August 1, 2008, medical screening.  (*Id.* at 6).  Plaintiff appeared in court on August 5, 2008, under the influence of methamphetamine and was ordered into custody.  (Dkt. No. 64 at 5). Plaintiff remained in the custody of the Nueces County Jail until he was transferred into state custody.  Plaintiff is currently serving three concurrent twenty-year sentences and is incarcerated in Sugarland, Texas by the Texas Department of Criminal Justice-Correctional Institutions Division.  (Dkt. No. 85, Ex. 64 at 3; Dkt. No. 104; Dkt. No. 78).

Plaintiff filed the instant suit on April 11, 2008.  He was incarcerated at the Nueces County Jail at that time.

---

[2] Fusion surgery is "performed to relieve arthritis pain in the hips, ankles, wrists, fingers, thumbs, or spine." (Dkt. No. 85, Ex. 75).

## Summary Judgment Standard

A motion for summary judgment shall be granted if the pleadings and evidence "show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Hall v. Thomas*, 190 F.3d 693, 695 (5th Cir. 1999). In considering a motion for summary judgment, the Court construes factual controversies in the light most favorable to the nonmovant, but only if both parties have introduced evidence showing that an actual controversy exists. *Lynch Props., Inc. v. Potomac Ins. Co. of Ill.*, 140 F.3d 622, 625 (5th Cir. 1998). If the burden of proof at trial lies with the nonmovant, the movant may satisfy its initial burden by "'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden is on the movant to convince the court that no genuine issue of material fact exists as to the claims asserted by the nonmovant, but the movant is not required to negate elements of the nonmovant's case. *Id.* at 323.

The nonmoving party may not rest solely on its pleadings. *King v. Chide*, 974 F.2d 653, 656 (5th Cir. 1992). For issues on which the nonmovant will bear the burden of proof at trial, that party must produce summary judgment evidence and designate specific facts which indicate that there is a genuine issue for trial. *Celotex*, 477 U.S. at 324; *Wallace v. Tex. Tech. Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996). Needless to say, unsubstantiated assertions are not competent summary judgment evidence. *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994); *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415, 1429 (5th Cir. 1996) ("[C]onclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy the nonmovant's burden."). The nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

To meet its burden, the nonmoving party must present "significant probative" evidence indicating that there is a triable issue of fact. *Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir. 1994). If the evidence rebutting the summary judgment motion is only colorable or not significantly probative, summary judgment should be granted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986).

## Exhaustion of Administrative Remedies

Section 1997e(a) of the Prison Litigation Reform Act ("PLRA") mandates that "[n]o action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes." *Gates v. Cook*, 376 F.3d 323, 329 (5th Cir. 2004) (quoting *Porter v. Nussle*, 534 U.S. 516, 532 (2002)). The PLRA's exhaustion requirement is mandatory and the available administrative remedy must be pursued to its conclusion. *Id.* at 329. A prisoner properly exhausts his claims by complying with the facility's administrative rules and procedures. *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). If a plaintiff does not exhaust administrative remedies, the case must be dismissed. *Gates*, 376 F.3d at 329-30.

While Plaintiff did submit numerous Inmate Communication Forms to jail officials, including two forms submitted on April 6 and April 10, 2008, requesting Inmate Grievance Forms, he did not file a formal grievance pursuant to the Nueces County Jail Grievance Procedure until May 6, 2008, nearly a month after this suit was filed. (Dkt. No. 85, Ex. 5; Exs. 39-45; Ex. 73; Exs. 7-17). After Plaintiff requested Inmate Grievance Forms in early April 2008, Lance Cooper, an officer with the Nueces County Sheriff's Office responded to Plaintiff and

5

informed him that, according to the Nueces County Jail Grievance Procedure, he must first attempt an informal resolution of his complaint. (Dkt. No. 85, Ex. 73 at 2). Officer Cooper provided Plaintiff with a copy of the Inmate Grievance Procedure. (*Id.*). The Inmate Grievance Procedure is also posted in each unit of the jail. (*Id.*). Plaintiff neither followed the informal grievance procedure provided for by the Nueces County Jail Grievance Procedure, (Dkt. No. 85, Ex. 5), nor filed a formal grievance before instituting this lawsuit.

The PLRA's exhaustion requirement is not satisfied "by filing an untimely or otherwise procedurally defective administrative grievance or appeal" because "proper exhaustion of administrative remedies is necessary." *See Ngo*, 548 U.S. at 83-84; *see also Johnson v. Ford*, 261 F. App'x 752, 755 (5th Cir. Jan. 14, 2008) (stating that the Fifth Circuit takes "a strict approach" to the PLRA's exhaustion requirement). Accordingly, because Plaintiff did not properly follow the administrative procedures provided by the Nueces County Jail Grievance Procedure before filing the instant suit, his claims should be dismissed.

Plaintiff, however, offers several reasons why the PLRA's exhaustion requirement should not result in dismissal of his case. First, Plaintiff argues that he is not a "prisoner" as defined by the statute because he was released on bond after it was determined that he would require surgery. While it is true that the PLRA's exhaustion requirement only applies to "prisoners," the applicable time period for determining whether Plaintiff is a prisoner is the time the Complaint was filed. *Duvall v. Dallas County, Tex.*, 2006 WL 3487024, at *2 (N.D. Tex, Dec. 1, 2006) ("[I]t is the plaintiff's status *at the time he files suit* that determines whether § 1997e(a)'s exhaustion provision applies."); *see Williams v. Henagan*, 595 F.3d 610, 619 (5th Cir. 2010) (stating that prisoner who was incarcerated when he brought suit must exhaust administrative remedies before filing suit in federal court). Because Plaintiff was incarcerated at the time he

6

filed suit, the PLRA's exhaustion provision applies to his claims.

Plaintiff next argues that, because he has been transferred away from the Nueces County Jail, complying with Nueces County Jail's exhaustion requirements will present logistical challenges. However, at the time Plaintiff filed suit, he was incarcerated at the Nueces County Jail and could have easily complied with that facility's exhaustion requirements. Moreover, the Court does not find that it would be impossible to proceed through the proper administrative channels from Plaintiff's current location. *See Dillon v. Rogers*, 596 F.3d 260, 265 (5th Cir. 2010) (stating that Louisiana state prisoner might be able to file grievance regarding incident in Jena, Louisiana facility from Allen, Louisiana facility). The Court does not find, as Plaintiff suggests, that requiring proper exhaustion creates a serious injustice.

Plaintiff also argues that an administrative remedy was not available to him because he is only asking for a monetary recovery. However, the Supreme Court has held that an inmate seeking only monetary damages must proceed through an administrative process capable of providing some sort of relief, even if the process does not make provisions for monetary relief. *Booth v. Churner*, 532 U.S. 731, 734 (2001). Hence, this argument also fails.

Next, Plaintiff urges the Court to apply the doctrines of waiver, estoppel, and equitable tolling to excuse his failure to exhaust. "[T]his Circuit has held that the exhaustion requirement may be subject to certain defenses such as waiver, estoppel, or equitable tolling." *Johnson v. Ford*, 261 F. App'x 752, 755 (5th Cir. 2008) (quotations omitted). However, this is not a situation where administrative remedies are inadequate "because prison officials have ignored or interfered with a prisoner's pursuit of an administrative remedy," or the exhaustion requirement would fail to further "the interests of justice or the purposes of the exhaustion requirement." *Id.* Accordingly, the Court declines to apply these equitable doctrines.

Because Plaintiff did not properly follow the Nueces County Inmate Grievance Procedure, (Dkt. No. 85, Ex. 5), he failed to properly exhaust his administrative remedies before filing suit and dismissal of his § 1983 claim is appropriate.

## Conclusion

For the reasons articulated above, Nueces County's Motion for Summary Judgment, (Dkt. No. 85), is GRANTED, and this case is DISMISSED without prejudice against Nueces County because exhaustion does not seem to be precluded by any administrative deadlines.  *See Shaw v. Janicek*, 2010 WL 1067918, at *9 (S.D. Tex. Mar. 22, 2010); (Dkt. No. 85, Ex. 5). Plaintiff's 42 U.S.C. § 1983 claim will be dismissed against all Defendants unless Plaintiff explains, within twenty (20) days, why the reasoning in this Memorandum Opinion and Order should not also apply to Christus Spohn.

All other pending motions are DENIED as moot.  Because the Court's decision is not based on any pleading deficiency, Plaintiff's request for leave to amend his Complaint is DENIED.

It is so ORDERED.

Signed this 7th day of July, 2010.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE