UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ROBERT SEAN MILLIGAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. C-08-118 |
| | § | |
| NUECES COUNTY, TEXAS and | § | |
| CHRISTUS SPOHN HEALTH SYSTEM | § | |
| CORPORATION d/b/a CHRISTUS | § | |
| SPOHN HOSPITAL CORPUS CHRISTI | § | |
| | § | |
| Defendants. | § | |

## Memorandum Opinion and Order

Plaintiff Robert Sean Milligan's ("Plaintiff") 42 U.S.C. § 1983 claim against Defendant Christus Spohn Health System Corporation ("Christus Spohn") is dismissed *sua sponte*.[1]

## Factual and Procedural History

On July 7, 2010, the Court entered a Memorandum Opinion and Order granting Defendant Nueces County's ("Nueces County") Motion for Summary Judgment on the ground that Plaintiff failed to properly exhaust his administrative remedies, as required by the Prison Litigation Reform Act ("PLRA"), before filing suit. (Dkt. No. 106). In that Order, the Court warned Plaintiff that "Plaintiff's 42 U.S.C. § 1983 claim will be dismissed against all Defendants unless Plaintiff explains, within twenty (20) days, why the reasoning in this Memorandum Opinion and Order should not also apply to Christus Spohn." (Dkt. No. 106). Plaintiff filed a response with the Court on July 27, 2010. (Dkt. No. 109).

---

[1] Plaintiff's Motion for Leave to File Late Plaintiff's Second Amended Original Complaint, (Dkt. No. 110), is GRANTED. Christus Spohn's Motion to Dismiss, (Dkt. No. 108), is DENIED.

**Analysis**

Plaintiff offers several reasons why his § 1983 claim should not be dismissed against Christus Spohn. First, Plaintiff states that Christus Spohn has not requested relief from the Court.

Under the PLRA, the Court "shall on its own motion . . . dismiss any action brought with respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action . . . fails to state a claim upon which relief can be granted . . . ." 42 U.S.C. § 1997e(c)(1).

Failure to exhaust is an affirmative defense and "is not subject to screening for *sua sponte* dismissal by the district court" unless the complaint "alleges facts that clearly foreclose exhaustion." *Torns v. Miss. Dep't of Corr.*, 301 F. App'x 386, 388 (5th Cir. 2008) (citing *Jones v. Bock*, 549 U.S. 199, 214 (2007)). However, a Court can dispose of a complaint *sua sponte* for failure to exhaust if the prisoner has had an opportunity to respond. *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008) ("[E]ven if it is not apparent from the pleadings that there are available administrative remedies that the prisoner failed to exhaust, a complaint may be dismissed on exhaustion grounds so long as the inmate is first given an opportunity to address the issue" (citing *Anderson v. XYZ Corr. Servs., Inc.*, 407 F.3d 674, 682 (4th Cir. 2005) (holding that district court may raise affirmative defense of exhaustion *sua sponte* under the PLRA so long as plaintiff is given an opportunity to respond))); *see also Jones*, 549 U.S. at 215 ("Determining that Congress meant to include failure to exhaust under the rubric of 'failure to state a claim' in the screening provisions of the PLRA would thus not support treating exhaustion as a pleading requirement rather than an affirmative defense.").

Here, Plaintiff has had ample opportunity to respond to the affirmative defense of exhaustion.  Indeed, Plaintiff has responded to the exhaustion defense on two occasions.  (Dkt. Nos. 96 & 109).  Accordingly, this Court has authority to *sua sponte* dismiss Plaintiff's § 1983 claim against Christus Spohn if it concludes that the reasoning articulated in the Court's July 7, 2010, Opinion regarding Plaintiff's failure to exhaust his § 1983 claim against Nueces County also applies to Christus Spohn.  Accordingly, Plaintiff's first argument is without merit.

Plaintiff next argues that the Court should apply doctrines of waiver, estoppel, and equitable tolling to excuse Plaintiff's failure to exhaust.  However, Plaintiff fails to explain why these doctrines should apply to his claims against Christus Spohn when the Court found that they should not apply to his claims against Nueces County.  (Dkt. No. 106 at 7).  Accordingly, the Court declines to apply equitable tolling to Plaintiff's § 1983 claims against Christus Spohn.

Plaintiff also argues that an administrative remedy was not "available" to him because he is only asking for a monetary recovery.  Again, Plaintiff fails to articulate why this argument should succeed when it was rejected by the Court in its July 7, 2010, Order dismissing Plaintiff's claims against Nueces County.  "[T]he Supreme Court has held that an inmate seeking only monetary damages must proceed through an administrative process capable of providing some sort of relief, even if the process does not make provisions for monetary relief.  *Booth v. Churner*, 532 U.S. 731, 734 (2001).  Hence, this argument also fails."  (Dkt. No. 106 at 7).

Plaintiff claims that any administrative remedy he could have sought under the PLRA against Christus Spohn would have been futile, "as Defendant Christus Spohn does not own or operate the Nueces County Jail and is not a correction official for purposes of the PLRA."  (Dkt. No. 109 at 7).  Plaintiff argues that, since Christus Spohn does not control the jail, Christus

3

Spohn could not provide Plaintiff with an administrative remedy. Plaintiff further argues that Nueces County could not provide a remedy because its "Contract for Heath Care Services at the Nueces County Jail" with Christus Spohn, (Dkt. No. 109, Ex. 1), "did not give the County the right to control the actions of Defendant Christus Spohn." (Dkt. No. 109 at 8).

Section 1997e(a) of the PLRA mandates that "[n]o action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA does not specify a specific institution's processes that must be exhausted; it simply states that "such administrative remedies as are available" must be exhausted. *See Baker v. Allen*, No. Civ. 03-2600, 2006 WL 2226351, at *6 (D.N.J. Aug. 3, 2006) (The phrase "'[n]o action shall be brought . . . under section 1983 of this title . . . until such administrative remedies as are available are exhausted' cannot reasonably be read to except private correctional medical services providers.").

"[A]n inmate must exhaust irrespective of the forms of relief sought and offered through administrative avenues." *Booth*, 532 U.S. at 741 n. 6. Administrative exhaustion is required even though the grievance process might not permit the type of recovery a prisoner seeks, "as long as the grievance tribunal has the authority to take some responsive action." *Rosa v. Littles*, 336 F. App'x 424, 427 (5th Cir. 2009) (citing *Booth*, 532 U.S. at 741). The word "exhausted" refers to "procedural means, not the particular relief ordered". *Booth*, 532 U.S. at 739 ("It makes no sense to demand that someone exhaust 'such administrative [redress]' as is available; one 'exhausts' processes, not forms of relief, and the statute provides that one must.").

Moreover, the purpose of the exhaustion requirement is to force an inmate to go through the administrative process, which might afford prison officials the opportunity to take some corrective action that would preclude litigation. *Id.* at 737.

An administrative remedy was clearly available to Plaintiff—The Nueces County Jail Inmate Grievance Procedure—and the grievance procedure available could have provided Plaintiff with some form of recovery. (Dkt. No. 85, Ex. 5). However, Plaintiff neither followed the informal grievance procedure provided for by the Nueces County Jail Inmate Grievance Procedure, nor filed a formal grievance before instituting this lawsuit. Because Plaintiff did not exhaust his administrative remedies, his § 1983 claim against Christus Spohn is dismissed for the same reasons articulated in the Court's July 7, 2010, Order. (Dkt. No. 106).

## State Law Claim

Because the dismissal of Plaintiff's § 1983 claim disposes of the claim that provided the Court with original jurisdiction, a discussion of supplemental jurisdiction is warranted.

A district court may decline to exercise supplemental jurisdiction if it has dismissed all the claims over which it had original jurisdiction. 28 U.S.C. § 1367(c)(3). Although the general rule in the Fifth Circuit "is to dismiss state claims when the federal claims to which they are pendent are dismissed[,]" *Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 585 (5th Cir.1992) (citing *Wong v. Stripling*, 881 F.2d 200, 204 (5th Cir.1989)); *see also Priester v. Lowndes County*, 354 F.3d 414, 425 (5th Cir. 2004), the Supreme Court has counseled that district court's should examine factors such as economy, convenience, fairness, federalism, and comity in determining whether jurisdiction should be exercised. *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966).

Because the Court has not had substantial involvement with this case, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims against Christus Spohn.

**Conclusion**

For the reasons articulated above, Plaintiff's § 1983 claim is DISMISSED without prejudice against Christus Spohn. The Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims.

It is so ORDERED.

Signed this 31st day of August, 2010.

JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE